IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. RIVERA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 20-143-LPS |
| | : | |
| KOLAWOLE AKINBAYO, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.   BACKGROUND**

Petitioner Michael A. Rivera ("Petitioner") filed papers pursuant to 28 U.S.C. § 2241 ("Petition") challenging his pretrial detainment in the Howard R. Young Correctional Institution in Wilmington Delaware. (D.I. 1) The Petition asserts the following claims: (1) defense counsel violated the attorney-client privilege and failed to address pretrial issues such as missing evidence, illegal search and seizure, and invalid evidence; (2) he is being held illegally because his bail is excessive; (3) he is subject to unsanitary prison conditions and overcrowding; and (4) he wants a "reverse *Franks* hearing." (D.I. 1 at 1-2) For relief in this proceeding, Petitioner asks the Court to "remedy the petition under 28 U.S.C. § 2241 as it deems necessary and as justice requires." (D.I. 1 at 2)

**II.   STANDARD OF REVIEW**

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule

1

4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. *See* 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254.

### III.     PRETRIAL JURISDICTION

Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate merits of affirmative defense to state criminal charge prior to state court conviction, but that, in special circumstances, habeas corpus is appropriate vehicle by which to demand enforcement of state's constitutional obligation to provide speedy trial). At the time of filing, Petitioner was not in custody pursuant to a state court judgment, because he had not yet undergone his state criminal trial on the charges for which he was arrested. Petitioner also had not exhausted his state remedies with respect to his bail issue. Finally, the Petition does not raise a speedy trial claim. Thus, as filed, Petitioner's § 2241 Petition does not present a proper basis for pre-trial habeas relief.[1]

---

[1] To the extent Petitioner complains about the unsanitary conditions in prison, such matters are not properly pursued via 28 U.S.C. § 2254. Rather, suits challenging conditions of confinement are properly brought pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

2

**IV.     MOOTNESS**

Pursuant to Article III of the Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Lewis,* 494 U.S. at 477-78, and there must be "a live case or controversy at the time that a federal court decides the case," *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "[T]he question of mootness is one . . . which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

After filing the instant § 2241 Petition, Petitioner was convicted and sentenced.[2] Since he is now in custody pursuant to a state court judgment of conviction, Petitioner's challenges to his pre-trial detention are moot. *See, e.g., Williams v. New Jersey,* 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging his pretrial detention); *Jones v. Mullen,* 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("[W]here a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), *report and recommendation adopted by*, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018). To the extent Petitioner may wish to challenge his current detention, he can file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

---

[2]According to Vinelink, Delaware's online inmate locator, Petitioner was sentenced on January 21, 2022. *See* https://vinelink.vineapps.com/person-detail/defendant/14463130;tabIndexToSelect=0.

## V.     CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction.  *See, e.g., Baker v. Warden Cumberland Cnty. Prison*, 2019 WL 2612772, at *1 (3d Cir. May 9, 2019) ("To the extent that any of Appellant's claims may not be moot, jurists of reason would agree, without debate, that the District Court correctly declined to exercise pretrial habeas jurisdiction over his 28 U.S.C. § 2241 petition.").  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.

September 12, 2022                                                    UNITED STATES DISTRICT COURT